IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 4:09-cv-0900 | |
| § | | |
| SHUO CAI HUANG, individually and § | | |
| doing business as § | | |
| EXCEON AMERICAN BEAUTY SUPPLY, § | | |
| § | JURY DEMANDED | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Farouk Systems, Inc. ("FSI" or "Plaintiff") files this Original Complaint against Shuo Cai Huang, individually and doing business as Exceon American Beauty Supply ("Defendant") and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff Farouk Systems, Inc. is a Texas corporation with its principal place of business in Houston, Texas.

2. Upon information and belief, Defendant Shuo Cai Huang individually and doing business as Exceon American Beauty Supply is an individual residing at 5 Cypress Court, Plainsboro, New Jersey 08536. Defendant Shuo Cai Huang may be personally at 5 Cypress Court, Plainsboro, New Jersey 08536.

### JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a

civil action arising under the Constitution, laws, or treaties of the United States. This action involves a federal Lanham Act violation.

4. This Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states wherein the amount in controversy is believed to exceed the sum of $75,000, exclusive of interest and costs. Plaintiff is a Texas corporation with its principal place of business in Houston, Texas. Defendant is a resident of the state of New Jersey and is doing business in Texas and, on information and belief, has systematic and continuous contacts with the state of Texas. Defendant, on information and belief, also does business in Harris County, Texas, and a substantial part Defendant's acts and conduct giving rise to the claims herein occurred in Harris County, Texas.

## FACTUAL BACKGROUND

5. FSI is the owner of the trademark GLOBAL BEAUTY for electric hair curling irons, hair styling irons, hair straightening irons, and hair flat irons. FSI first began using the mark GLOBAL BEAUTY on its electric hair curling irons, hair styling irons, hair straightening irons, and hair flat irons at least as early as December 31, 2002.

6. In addition to including the mark GLOBAL BEAUTY on its electric hair curling irons, hair styling irons, hair straightening irons, and hair flat irons, FSI includes the mark CHI shown in U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons. The trademark CHI is associated exclusively with FSI for use with electric hair curling irons and other hand-held electric styling irons. As a result of this exclusive use of the trademarks GLOBAL BEAUTY and CHI and the long and widespread use that has been made by FSI of the trademarks GLOBAL BEAUTY and CHI, there is substantial

recognition and association of the trademarks GLOBAL BEAUTY and CHI with FSI by the consuming public for hair care products.

7. Defendant is the President of Folica, Inc. which, in turn, owns the domain name www.folica.com. The website located at the domain name www.folica.com sells numerous types of hair care products, including hair curling irons, hair styling irons, hair straightening irons, and hair flat irons. Although neither Folica, Inc. or www.folica.com are authorized distributors of FSI's products, Folica, Inc. and www.folica.com have been successful in obtaining FSI's hair curling irons, hair styling irons, hair straightening irons, and hair flat irons through unauthorized channels and have offered for sale, and sold, FSI's GLOBAL BEAUTY and CHI branded air curling irons, hair styling irons, hair straightening irons, and hair flat irons and, therefore, Defendant is and has been fully aware of FSI's rights to the mark GLOBAL BEAUTY, including its first adoption of the mark GLOBAL BEAUTY for FSI's air curling irons, hair styling irons, hair straightening irons, and hair flat irons.

8. FSI recently learned that Defendant was selling "Global Beauty" branded hair irons in violation of FSI's trademark rights. In particular, Defendant imports, sells, offers for sale, advertises, and promotes electric hair irons having FSI's GLOBAL BEAUTY mark. Upon information and belief, Defendant did not adopt or use the mark "Global Beauty" until 2005, well after FSI's adoption and use of its GLOBAL BEAUTY mark.

9. Despite being fully aware of FSI and its mark GLOBAL BEAUTY, Defendant sought and obtained a federal registration for FSI's mark GLOBAL BEAUTY. On July 26, 2006, Defendant obtained U.S. Trademark Registration No. 3,122,125 for GLOBAL BEAUTY for "electric hair straightener." This registration states that Defendant first used FSI's mark GLOBAL BEAUTY on electric hair straighteners on June 2, 2005.

10. Upon learning of Defendant's infringement of FSI's mark GLOBAL BEAUTY, FSI sent a letter to Defendant demanding that he cease using FSI's GLOBAL BEAUTY mark and that he voluntarily abandon his federal registration. Instead of complying with FSI's demands, Defendant responded to FSI's letter stating that FSI is infringing upon Defendant's trademark rights and demanded that FSI "cease all use of GLOBAL BEAUTY as a trademark on all products, in all advertising and promotional materials, and on the internet."

11. Defendant's use of FSI's mark GLOBAL BEAUTY on Defendant's products and in advertisements and promotional materials for Defendant's products creates a false association between Defendants and Defendants' Products on one hand and FSI on the other hand. By using FSI's common law trademark GLOBAL BEAUTY in such a way as to likely cause confusion among consumers, Defendants are infringing upon FSI's trademark rights.

12. Given the similarity of Defendant's products to FSI's products, and Defendant's use of FSI's mark GLOBAL BEAUTY on Defendant's products, there is a substantial likelihood that consumers will be confused, misled or deceived. Moreover, Defendant's improper use of FSI's mark GLOBAL BEAUTY creates a false association of FSI's mark GLOBAL BEAUTY with Defendant's products.

13. Furthermore, Defendant's sales of his infringing products without FSI's permission are diluting the value of FSI's mark GLOBAL BEAUTY and damaging the goodwill and high quality reputation of FSI's GLOBAL BEAUTY-branded products.

14. By engaging in the industry of selling hair care products, and in particular, owning and/or operating the domain name www.folica.com and as President of Folica, Inc., Defendant is well aware of FSI's valuable trademark rights to the mark GLOBAL BEAUTY. In fact, Defendant is purposefully using FSI's trademark GLOBAL BEAUTY to sell Defendant's

products while simultaneously selling FSI's products that also include the mark GLOBAL BEAUTY. Therefore, Defendant is knowingly undertaken the above-described activities resulting in an infringement of FSI's mark GLOBAL BEAUTY. Thus, on information and belief, the above-described activities by Defendants have been willful.

15. On information and belief, Defendants will continue to undertake such activities which infringe FSI's mark GLOBAL BEAUTY unless enjoined by the Court.

16. As a consequence of these activities and the impairment to FSI's goodwill, reputation, and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are immediately and, after trial, permanently enjoined by this Court from committing further such activity.

### COUNT I - VIOLATION OF 15 U.S.C. § 1125(a)

17. FSI repeats and realleges the allegations set forth in paragraphs 1-16.

18. Defendants' improper use of, and sale of products under, a mark confusingly similar to FSI's mark GLOBAL BEAUTY is confusing to consumers and violates Section 43(a) of the Lanham Trademark Act ("Lanham Act") which prohibits the use of a trademark by Defendant in such a manner as is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with FSI or as to the origin, sponsorship or approval of Defendant's' products by FSI. *See* 15 U.S.C. § 1125.

19. Defendant is currently selling, offering for sale, and advertising Defendants' products under FSI's common law trademark without the consent of FSI and will continue to do so unless enjoined from doing so by this Court. In addition, Defendant's products have a nearly identical appearance and/or trade dress, with the location of the mark GLOBAL BEAUTY on Defendant's hair irons being in the same place as where FSI places its mark GLOBAL

BEAUTY. The parties hair irons are both black with golden colored heating places. Although FSI's products include the mark CHI in red on the hinge plate located at the rear of FSI's hair irons and Defendant's products include the initials "GB" on the hinge plate, Defendant's "GB" is in the same color red as FSI's mark CHI. Thus, Defendant's adoption of a nearly identical trade dress or appearance having nearly identical features as FSI's hair irons, including FSI's GLOBAL BEAUTY mark shows that Defendant is "palming off" its hair irons as those of FSI.

20.  If FSI has no way of controlling the quality of Defendant's products and Defendant is allowed to continue to sell Defendant's products in connection with FSI's trademark, FSI's goodwill created by its mark GLOBAL BEAUTY is placed in jeopardy. The continuing acts of Defendant is jeopardizing the goodwill of FSI and its valuable trademark GLOBAL BEAUTY, and such acts have caused and are causing irreparable injury to FSI and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Accordingly, FSI seeks injunctive relief prohibiting the infringing acts by Defendant complained of herein.

21.  In addition, the acts of Defendant complained of above have resulted in trademark violation of Section 43(a) of the Lanham Act. Therefore, pursuant to 15 U.S.C. § 1117(a), FSI is entitled to recover 1) Defendant's profits; 2) any damages sustained as a result of Defendant's infringing acts; and 3) the costs associated with these causes of action.

22.  Moreover, FSI is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendant's intentional use of FSI's trademark, and its gross, wanton, or willful conduct.

23. Furthermore, as a result of Defendant's actions, FSI has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights. These fees and expenses are necessary and reasonable in order to prosecute this matter. Accordingly, FSI requests that it be granted an award of attorneys' fees and costs as a result of Defendant's actions as permitted under 15 U.S.C. § 1117(a).

### COUNT II - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

24. FSI repeats and realleges the allegations set forth in paragraphs 1-23.

25. In addition to federal trademark rights, FSI also owns trademark rights to the mark GLOBAL BEAUTY, among others, under the common law of the State of Texas. Thus, the acts of Defendant complained of above also constitute trademark infringement, "palming off," and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendant, FSI has suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of infringement by Defendant has resulted in, and is currently resulting in, substantial unjust profits to, and unjust enrichment of, Defendant in an amount yet to be determined. Such acts of trademark infringement and unfair competition are causing harm to FSI.

26. The continuing acts of Defendant is jeopardizing the goodwill of FSI and its valuable trademark GLOBAL BEAUTY and such acts have caused and will continue to cause irreparable injury to FSI and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to FSI and to the public, for which there is no adequate remedy at law.

27. Additionally, or in the alternative, FSI seeks an accounting and its actual and consequential damages as a result of Defendant's infringing acts which have resulted in confusion among the public. Moreover, FSI seeks punitive and enhanced damages for Defendant's willful conduct.

### COUNT III - TRADEMARK DILUTION UNDER TEXAS LAW

28. FSI repeats and realleges the allegations set forth in paragraphs 1-27.

29. The facts set out above demonstrate that Defendant is diluting the exclusivity and distinctiveness of FSI's mark GLOBAL BEAUTY in violation of the Texas Anti-Dilution Act. Defendant's unauthorized use of FSI's mark GLOBAL BEAUTY constitutes a dilution of FSI's mark GLOBAL BEAUTY and injures FSI's business reputation, in violation of TEX. BUS. & COM. CODE § 16.29.

30. As a result of the dilution by Defendant, FSI has suffered, and is suffering, injury and damage in an amount yet to be determined. Upon information and belief, the acts of dilution by Defendant has resulted in, and is currently resulting in, substantial unjust profits to, and unjust enrichment of, Defendant in an amount yet to be determined. FSI seeks injunctive relief to prevent this type of injury from continuing. Additionally, or in the alternative, FSI seeks an accounting and damages.

### COUNT IV - CANCELLATION OF REGISTRATION NO. 3,122,125

31. FSI repeats and realleges the allegations set forth in paragraphs 1-30.

32. As set forth herein, Defendant's use of the mark GLOBAL BEAUTY creates a false connection, association or affiliation with FSI will be presumed by consumers. As further set forth herein, Defendant's use of the mark GLOBAL BEAUTY is confusingly similar to the FSI's mark GLOBAL BEAUTY, in violation of 15 U.S.C. § 1125(a) and has caused and/or is likely to cause dilution of the FSI's mark GLOBAL BEAUTY. Thus, the continued registration

of U.S. Trademark Registration No. 3,122,125 is inconsistent with FSI's rights in the mark GLOBAL BEAUTY under common law and the Lanham Act, and is damaging to FSI. Accordingly, pursuant to 15 U.S.C. § 1119, FSI requests that U.S. Trademark Registration No. 3,122,125 be cancelled.

## DEMAND FOR JURY TRIAL

33. FSI demands a trial by jury on all claims and issues.

## CONCLUSION AND PRAYER

WHEREFORE, Farouk Systems, Inc. prays for entry of judgment:

a. finding that Defendant has violated 15 U.S.C. § 1125(a);

b. finding that Defendant has infringed Farouk Systems, Inc.'s common law trademark rights in the mark GLOBAL BEAUTY;

c. finding that Defendant has falsely and intentionally mislead consumers by directly or indirectly representing that infringing products are endorsed by, sponsored by, or affiliated with Farouk Systems, Inc.;

d. finding that Defendant has engaged in unfair competition;

e. enjoining Defendant, his officers, directors, agents, employees, representatives, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to violation of Farouk Systems, Inc.'s rights under 15 U.S.C. § 1125(a) or amount to an infringement of Farouk Systems, Inc.'s common law rights in the trademark GLOBAL BEAUTY, or unfair competition;

f. awarding Farouk Systems, Inc. all damages caused by the acts of Defendant and all profits of Defendant from acts complained of, and/or all costs to Farouk Systems, Inc. caused by Defendant's activities complained of herein;

g. trebling the damages and profits awarded to Farouk Systems, Inc. as authorized by 15 U.S.C. § 1117;

h. granting Farouk Systems, Inc. pre-judgment and post-judgment interest on the damages caused to Farouk Systems, Inc. by reasons of Defendant's activities complained of herein at the highest rates allowed by law;

i. finding that this is an exceptional case and awarding Farouk Systems, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

    j.     awarding costs to Farouk Systems, Inc.;

    k.    awarding Farouk Systems, Inc. its attorneys' fees incurred as a result of it enforcing its state law rights;

    l.     cancelling U.S. Trademark Registration No. 3,122,125; and

    m.   awarding Farouk Systems, Inc. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Respectfully submitted,

GREENBERG TRAURIG LLP

Dated: March 26, 2009

By: /Anthony F. Matheny/
Anthony Matheny
Attorney-in-Charge
S.D. Tex. Bar No. 303157
Texas State Bar No. 24002543
1000 Louisiana, Suite 1700
Houston, Texas 77002
(713) 374-3583 (Telephone)
(713) 754-7583 (Fax)

Of Counsel:

Mark Chretien
Texas State Bar No. 24036364
GREENBERG TRAURIG LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Fax)

ATTORNEYS FOR PLAINTIFF
FAROUK SYSTEMS, INC.